UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTOINE MEEKS, JR., ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:16-CV-1041 (CEJ) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM**

Before the Court is the motion of Antoine Meeks, Jr. to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255. The United States has not filed a response.

### **I. Background**

After pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), Meeks was sentenced to an 84-month term of imprisonment. At sentencing, the Court determined that Meeks's base offense level was 20 because he had he had a prior felony conviction for a controlled substance offense. *See* U.S.S.G. § 2K2.1(a)(4)(A).[1] The guideline range for imprisonment was 84 to 105 months.

### **II. Discussion**

Meeks first argues that the Court should vacate his sentence because his sentencing enhancement is invalid in light of *Johnson v. United States*, 135 S. Ct.

---
[1] Section 4B1.2(b) defines a controlled substance offense as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." Meeks had a prior state court conviction for distributing oxycodone.

2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness. The decision in *Johnson* is inapplicable here because Meeks was not sentenced under the ACCA.

In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Court held that the Sentencing Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause, and more specifically, that the "crime of violence" clause of U.S.S.G. § 4B1.2(a) is not void for vagueness. Thus, *Beckles* affords no relief to Meeks.

Meeks also contests the calculation of his offense level and criminal history points as set forth in the presentence report.[2] The issue of whether the Court misapplied the sentencing guidelines is one that could have been raised on direct appeal. As such, Meeks cannot this claim in a proceeding under § 2255, absent a showing of cause and prejudice. *See Boyer v. United States*, 988 F.2d 56, 57 (8th Cir. 1993); *Reid v. United States*, 976 F.2d 446, 447 (8th Cir. 1992), *cert. denied*, 507 U.S. 945 (1993) [*citing United States v. Frady*, 456 U.S. 152 (1982)]. Because Meeks has not made the requisite showing, the Court will not consider his challenge to the calculation of the guideline range. *See Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (reasoning that section 2255 does not provide relief in cases with "garden-variety Sentencing Guideline application issues," which should be asserted on direct appeal).

---

[2] Meeks argues that (1) the report erroneously applied § 2K2.1(a)(2) to assign a base offense level of 24, (2) inadequate documentation and information was provided in the report for his prior controlled substance offense, (3) the § 2K2.1(b)(6) enhancement was improperly applied, and (4) his criminal history computation was inaccurate because he was improperly given an extra point for his conviction for receiving stolen property under $500. [Doc. #2 at 5–8].

2

***

For the reasons discussed above, the Court concludes that Meeks is not entitled to relief under 28 U.S.C. § 2255 based on the claims he asserts in the motion to vacate. Therefore, the motion will be denied without a hearing. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the Court finds that Meeks has not made a substantial showing of the denial of a constitutional right. Therefore, no certificate of appealability will be issued. *See* 28 U.S.C. § 2253.

An order consistent with this Memorandum will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of July, 2017.